Good morning. Judge Barton and I are very pleased to welcome our colleague Judge Greg Katsas from the District of Columbia Circuit to help us with our work today and tomorrow. It's not often we get to have an active judge from another circuit, a sister circuit, sit with us, so that's a great pleasure. Judge Katsas has had a distinguished career, and particularly one in public service, having served both in the Department of Justice and in the White House before he became a circuit judge, and was also a law clerk not only on the court where he now serves, but clerked for our circuit justice, Justice Clarence Thomas, both at the District of Columbia Circuit and on the Supreme Court of the United States. So it's fitting that we would have him come visit with us this week, and we appreciate his help with our work. We have a big week and a pretty meaty week, so Judge Martin and I will take all the help we can get this week. So thanks for being here, Judge Katsas. So we have four cases to hear this morning. We're familiar with your cases. We've read your briefs, the authorities cited in your briefs, and at least portions of the record. So in the limited time that is available to you, you should feel free to get straight to the heart of your argument. You don't need to familiarize us with a lot of background. We probably will have some questions. Often the reason we set a case for oral argument is because we think that a conversation with counsel will assist us in the resolution of the case. So when the questions come, we need your help. But do pay attention to our traffic light system, and when the red light shines, it is time to finish. If you're answering a question from the court, of course, you can feel free to finish your answer, but do be mindful of the red light, which our former chief, Larry Edmondson, used to say you should not treat as aspirational. So our first case this morning is Darasol v. Pennsylvania Higher Education Assistance Agency. Mr. Hill, would you please come and speak with us? Thank you, Your Honor. Deidre Hill on behalf of the appellant. May it please the Court. The district court erred when it dismissed the complaint on the basis that the defendant was exempt from the Fair Debt Collection Practices Act because it was acting pursuant to a bona fide fiduciary obligation. And this was due because the complaint plausibly alleged that there was no federally guaranteed loan at issue from which such a fiduciary obligation could arise. Let me get to the heart of one thing that concerns me about this, and that is, as I read your complaint, your complaint appears to me to allege that the agency's fault in the collection of a debt that your client did not owe was the result of negligence on their part and failure to adhere to proper kinds of procedures. Do you contend that the complaint alleges that the agency not only was trying to collect a nonexistent debt, but they, in fact, knew that it was nonexistent and was nevertheless trying to collect it from your client? Because I don't read the complaint that way, but I wanted to make sure I understand what your position is about it. Sure. Your Honor, I would say it's not entirely clear from the complaint whether it directly alleges that the defendant had knowledge that it was attempting to collect a nonexistent debt, but it does allege that the debt was nonexistent, and I'm not sure that the complaint needs to allege the state of mind of the defendant. Well, the concern I had is about the bona fide requirement. That's the reason I raised this. And it seemed to me that whether the complaint alleges that or not could make a big difference. Well, Your Honor, I don't think it makes a difference in the sense that if there is no loan, no bona fide fiduciary obligation can arise at all. And so in that sense, it wouldn't matter whether or not the defendant was aware that it had no loan and therefore no bona fide fiduciary obligation or whether potentially it was mistaken. But either way, no fiduciary obligation would arise. And so in that sense, it wouldn't matter. And again, this is all information that would be within the knowledge of the defendant if it had been required to put on evidence. The district court's key error here was in deciding this on a motion to dismiss, where rather than take the allegations in the complaint as true and assume based on those plausible allegations that there was no loan at issue here, it essentially took the defendant's assertions in its brief as true, which is not appropriate on a motion to dismiss. So your position is that the bona fide element means that whenever there, in fact, is not a debt, the fiduciary exception cannot apply. That's correct, Your Honor. So doesn't that make nonsensical the separate element of the statute which covers not just debts that are owed, but debts that are asserted to be owed? I think it does not, Your Honor. And I think that the work that that language is doing in the statute is that if a guarantee agency or some other entity attempting to collect a debt is incorrect, that the debt is actually owed for some reason, for example, there's a loan and the entity is attempting to collect it, but is in error because the debt is in deferment or because the borrower has already paid it off, that would mean the entity would still qualify for the exemption because it did have a bona fide fiduciary obligation arising from the loan in the first place, even though it was in error, it was incorrect that the loan was actually owed. And again, it's clear from the statute here that the Those seem to be instances where the debt collector was acting in good faith, right, which would make it bona fide, but was mistaken, right? Well, so the assertion there could be in good faith. Right. But whether or not it's pursuant to an actual bona fide fiduciary obligation, again, the statute doesn't say that the defendant may simply assert a bona fide fiduciary obligation. The defendant must be maybe asserting that a debt is due or a debt may actually do, but in either case, the activity, that debt collection must be incidental to a bona fide fiduciary obligation. So those are two separate parts of this exception. First, the debt has to be owed or due or asserted to be owed or due. And second, There's no question that they asserted it was owed or due. I agree, Your Honor. That's easily satisfied. I agree. So then it's really this second part, right? That's correct, Your Honor. But I think it's important that a defendant not be able to simply say, not only do we think this is due, but we don't have to provide any evidence of an actual federally guaranteed loan here and that we have any kind of obligation arising from such a federally guaranteed loan. We can just assert that in a brief. And if we have asserted that, we don't need to come in and prove that there's an actual loan that we're acting in our capacity as a federal guarantee agency, because that's another critical point here, which is that federal guarantee agencies act in other capacities as well. And the Department of Education's made that clear in its 1996 notice of proposed rulemaking, which in fact was directed at the fact that federal guarantee agencies may act in multiple capacities. In some of those capacities, a federal guarantee agency will not have a bona fide fiduciary obligation to the federal government because no federally backed loan is at issue. And in other cases, it may not be entirely clear. Yeah, if they're doing things other than trying to collect on federally guaranteed loans. Correct, Your Honor. Well, and I'm assuming that there may be, there could be an instance in which a federal guarantee agency were attempting to collect on a federally guaranteed loan, but not in its capacity as a guarantee agency. For example, it could have a separate business in which it acts solely as a debt collector and therefore as a third party debt collector for another guarantor. But Your Honor is correct that assuming that the federal guarantee agency is acting in its capacity as a federal guarantee agency, then a fiduciary obligation would arise. But that's what the defendant has not proven here. The defendant would need to come into court and prove, A, that there is a federally backed loan here, and B, that it's acting in its capacity as a federal guarantee agency and therefore that it has a bona fide fiduciary obligation to protect the federal funds that are at issue. And here's the problem I had. Your complaint, your client's complaint alleges that the debt the agency sought to collect was assigned to her, to your client, in error either on the part of the lender, the Department of Education, or the agency. The complaint alleges that the agency was negligent, failed to validate the debt. Those allegations do not, to me, connote bad faith. Your Honor, I would concede that the complaint is not the paragon of clarity, but I think taken in the light most favorable to the plaintiff, especially in light of the fact that the plaintiff was proceeding pro se below, the complaint should be read to allege that there's no evidence that there was a loan at issue in the first place. Now, the fact that the defendant was attempting to collect such a loan... I mean, that's very, that's contrary to what I just read, that there was no debt. To say that, as the complaint alleges, that the debt was assigned to her in error, and that they were negligent about it, does not suggest to me that there was no debt. It only suggests that it wasn't her debt. Your Honor, first of all, I would say that I'm not sure that the complaint used a sign in the technical sense of the word, and that there would be a debt, and it would be assigned... I didn't read it in a technical sense. Okay. Thank you, Your Honor. And so, it may be that the plaintiff simply intended to say, you should not have been asking me to pay this debt, and that that was not a concession that the debt existed in the first place. Now, again, the defendant could come into court on a motion for... But where do I... I mean, but there's nothing in the complaint that seems to me to allege that any facts from which you could plausibly infer that this was not only not a debt of your client, but it was a non-existent debt at all, and they knew that, and therefore were acting in bad faith. It seems like, to me at least, you'd have to have some kind of allegation of bad faith. Your Honor, I don't think you do have to have an allegation of bad faith for the complaint to survive in this case. And the key allegations here are, first of all, that she had no knowledge whatsoever of what the debt was that was referred to in these letters, or where it might have come from, and that she called the company. So she has a good faith belief, certainly, that the debt has nothing to do with her, and she has no idea where it came from, and that she called the defendant, and the defendant said, we have no record of your name. We don't know why. In effect, we don't know why you would have received these letters. We have no record of such a debt. Now, I... I hate to cut you off. If there's something else you want to say to complete your answer, Judge Pryor, go ahead. I just wanted to say that there certainly are potentially conflicting allegations in the complaint, but that the complaint should be read in the light most favorable to the plaintiff. I just wanted to ask you, was there anything in the record before the district court, when he ruled on the motion to dismiss, to show that the actions that the debt collector took in this case were incidental to a bona fide fiduciary relationship? Other than the assertions of the defendant, I don't believe there was any evidence in the record that would suggest that the defendant's actions were incidental to a bona fide fiduciary relationship. And again, this gets back to the point that a federal guarantee agency may be acting in multiple capacities, and therefore, that even if there was no bad faith, and that there was some kind of negligence at issue, it's not necessarily true that there was a fiduciary obligation because the defendant was acting in a fiduciary capacity. And I see my time has expired. It's okay. You've saved three minutes for rebuttal. We'll hear from Mr. Hatchett. Thank you. Good morning, Your Honors. Andrew Hatchett for APALE, Pennsylvania Higher Education Assistance Agency. Mr. Hatchett, if the complaint alleged bad faith on the part of the agency, would you agree that the district court should not have dismissed it? I believe that the record that was before the district court on the motion to dismiss... Let's take my question. I want you to assume for a moment, hypothetically, that the complaint alleged bad faith on the part of your client. The complaint alleged that not only was this a nonexistent death, that the agency knew it was a nonexistent death, but nevertheless was trying to shake down somebody for a nonexistent death. That would not be something the district court should dismiss, should it? If that was the allegation, I think my client would have some more serious concerns than an FDCPA claim, if they were just manufacturing loans and shaking down clients. But it would fall outside of this incidental to a bona fide fiduciary obligation language, right? If that's what the complaint alleged. If there were allegations in the complaint that my client was manufacturing a loan that that did not exist and was attempting to essentially steal money through a wage garnishment, that would take them outside the fiduciary exception. I would agree with that. But I do think that this is an important point of clarification concerning the record. Because the paragraph that you just read from the complaint a moment ago from the bench says that, however, as in this complaint, there are debts or alleged debts that are assigned to an individual in error. And on paragraph 20 of the complaint, she says, you know, when she originally received the notices from FIIA, she didn't respond because she didn't believe the loans belonged to her. Right. And so the allegations in the complaint, notwithstanding the arguments that we've heard on appeal, just simply don't support an allegation that no debt ever existed. The allegation from Ms. Derisaw below was that there was a loan that was out there and that they had simply made a mistake, that they had come after the wrong. And of course, you know, FIIA disagrees with that. But even accepting that allegation, it reflects that there was a mistake that was still, and that was the purpose of the fiduciary exemption, was to protect entities that are acting in their capacity as guarantee agencies from being subject to FDCPA liability when they make mistakes. Mr. Hatchett, in your view, for a debt collector to travel under this fiduciary relationship under the statute, is there any burden on the debt collector at the motion to dismiss stage to show how they were taking actions incidental to this fiduciary relationship? Well, so I hope this isn't, I'm going to answer it slightly differently and then if I need to come back, please stop me. I don't know. I do believe that the documents that are in the record that include the documents that Ms. Derisaw attached to her complaint definitively established that FIIA was acting in its capacity as a guarantee agency. And specifically, what is that? And so I would refer the court to attachment four to her complaint. It's at appendix page 43 and 44. So this is the wage garnishment letter that Ms. Derisaw, I'm sorry, that FIIA sends to Ms. Derisaw's employer. So the very first line of that says that we are garnishing wages pursuant to federal law and it cites to 20 U.S.C. 1095A. And so that is the statutory provision that was created in the Higher Education Act that gives guarantee agencies the right to garnish wages. So a guarantee agency, I mean, a traditional debt collector that is not a guarantee agency can't just garnish wages. If a borrower is in default, you can't go to their employer and garnish their wages. You have to have this special statutory right that is given to guarantee agencies to go directly to their employer because of the nature of the relationship. And appendix page 44, the next page, is the letter from the Department of Education that And so it is very clear from these documents that FIIA was acting in its capacity as a guarantee agency, that the documents that it, I mean, any wages that it garnished, if it's going to say to its employer, we're collecting this in our capacity as a guarantee agency, it's going to be required to hold those funds in reserve for the Department of Education. Let me just follow up on your, is it your position that if a debt collector has a single loan in which it's acting as a fiduciary for the government, does that immunize that debt collector for every debt collection activity they take on all of their loans? No. It's not. And I don't believe that, I know that the appellant has made the argument that that's the import of the district court's decision in this case. But that is not our argument and I don't believe that that is the import of the district court's decision. FIIA, for example, has a But you, my point is you acknowledge that the fiduciary relationship has to be incidental to the debt that you're trying to collect in order to have this protection or exemption under the Fair Debt Collection Practices Act. I would agree with that. And I would, you know, believe fairly reading Ms. Dersaw's complaint, she has alleged that there is a debt and that they've come after the wrong person to collect that debt. And that the documents that she attached to her complaint shows that FIIA said we made a default, we made a claim on a defaulted guaranteed student loan. They went to her employer and they said we're traveling as a guarantee agency. We otherwise wouldn't have the right to garnish these wages. But here's the letter from the Department of Education that shows that we have the right to garnish these wages. Here's the statutory authority that gives us, when we're acting in our capacity as a guarantee agency, the right to garnish these wages. And it's also important that when FIIA acts in that capacity as a guarantee agency, it also comes underneath the oversight and supervision of the Department of Education. And so there's very severe penalties on organizations like FIIA if they act in their capacity as a guarantee agency. And they abuse that authority and power. And so 20 U.S.C. 1082G gives the Secretary of the Department of Education the right to bring an enforcement action that would include fines of up to $25,000 per violation. They can be stripped of their rights to act as guarantee agencies. And so when FIIA acts in this capacity, it is, I mean, it's taking on that mantle and it's a serious thing. But the documents that are attached to the complaint, which are part of the record, I believe established and confirmed that FIIA was acting in that capacity. And that is, just so I'm clear on what you're arguing, that is on these pages, Appendix 43 and 44, the reference to the statute. The reference to the statute, the copy of the Department of Education's letter. But just even the statute itself, I mean, FIIA, if it was not acting as a guarantee agency, FIIA could not have garnished Ms. Derisole's wages. So the conduct, the action that forms the basis of the FDCPA claim here, the wage garnishment, could not have happened unless FIIA was acting as a guarantee agency. I understand the argument, but of course, we're in a 12B6 setting. And so in terms of what the district court had in front of it is these references to the statute. I mean, you know, the district court doesn't know the ins and outs of this, I don't think. And he's confined to the record. I mean, he wouldn't be charged with knowledge that that's the only way you could be proceeding against Ms. Derisole. He's got to look at the records. And so back to the exhibits, it's pages 43 and 44 of the appendix. I mean, 43 and 44, you can look at the letter, appendix page 37. This is the letter that Ms., that FIIA sent to Ms. Derisole. It cites the same statute. The other notices that they send, you know, say that they've paid a default claim on a loan, which is, you know, they've stepped in as a guarantee agency to do that. Where does it say that? I mean, just the, all the notices and the documents that are attached to the complaint. But I mean, what I would say. I mean, but again, what you're saying is they're referring to the statute. They're not saying, they're not spelling out we're acting as a guarantor for the federal government. So it is true that at the motion to dismiss stage, FIIA has not proved up that it paid a claim. That wasn't my question. I mean, I think you've answered my question. I just want to make sure I knew everything you were relying on in the record. Sure. Yeah. I mean, because she attached these documents to the complaint and incorporated them in the complaint. Let's, let's, let's pin down which documents you're talking about. So I looked at attachment two, not just attachment four, right? And I believe there the agency says that this is now a federal debt. Right. That means the department. Your defaulted loan is now a federal debt. Attachment three says you're given notice that Pennsylvania Higher Education Assistance Agency pursuant to federal law, cites the statute, will order your employer to immediately withhold money. It appears to be acting in, at least in some capacity, some federal capacity. Is that right? Is that part of the argument or not? Is that, you referred to attachment four. Attachment four looked a lot like attachment three. Is there a difference? Sure. Attachment three is the document that they sent to Ms. Dersaw to say, to put her on notice that they had instituted wage garnishment proceedings. Attachment four is the letter that was sent to her employer. Attachment two, you're correct, is the notice where they have identified to her that her default claim or her default has been paid by the Department of Education. And so therefore it's now a federal debt and that it is seeking to recover on that debt, which it would only do in its capacity as a guarantee agency. And just, and most importantly, you know, Ms. Dersaw's allegations, I do not believe, contradict what these documents show. What she says is that the debt was wrongly assigned to her, but there's not a dispute that there was a debt. And so, you know, and one thing that I would, I do think that is important here is when we think about how the Higher Education Act was set up, I mean, the goal of the Higher Education Act, and I know this is an FDCPA claim, but these two statutes are working in harmony here, and the goal was to help students get financial aid to go to college. And that meant helping lenders be able to issue loans, and they needed guarantees. And that meant they needed private guarantee agencies to step in. And so there actually would be a very high cost to suggesting that a plaintiff can plead their way around the fiduciary exemption in a case like this, because it would mean that guarantee agencies would be subject to litigating through summary judgment, FDCPA claims, anytime a plaintiff wants to raise a factual dispute about whether or not the debt belongs to her, which is what Ms. Derisaw has done in this case, that would be a high cost on the guarantee agency system, because that is a very common dispute in cases like this. And so what Congress did in the HEA is they set up an administrative process for these type of disputes to be resolved, to go to the guarantee agency. All the documents that would be necessary to, if we were to litigate this case through summary judgment to prove up the claim, Ms. Derisaw has a statutory right to demand copies of that information through this administrative process that the HEA has set up, through the hearing request and the documents that she's able to submit back when she receives these letters. And so we didn't discuss it just a moment ago, but one of the arguments that Ms. Derisaw said in her reply was that it requires her to give confidential information to an organization that she doesn't, you know, believe is legitimate at the time. But if you actually look at the hearing request form, which is on appendix page 40, all it asks for is her signature, her name, her address, and her account number. All of that is on the front page of the document. And so it's not asking her to turn over any, she just has to sign the form and return it as debt. And then we engage in the process to prove this thing up. And the point of that is to not subject guarantee agencies to litigating these cases through summary judgment, which would be very costly, would discourage guarantee agencies from participating in this process, and would ultimately result in students having a harder time securing financing to go to college. The Court has no further questions. Okay. Thank you, Mr. Hatchett. Mr. Hill? Thank you. I'd like to make four quick points. First of all, I think the strongest allegation in the complaint is in paragraph 24 where the complaint says that the plaintiff considered these letters to be a fake debt collection scam. I agree. That is the strongest allegation. The problem I had with it was it's an allegation about your client's state of mind. It's not an allegation. It does not appear to me to allege facts from which you could plausibly infer that the agency, in fact, was, in their words, manufacturing a debt. Well, I think read in tandem with the fact that she knew she didn't know it. That's why she thought this has got to be a scam because I don't know this debt, right? Correct. And when she called in, they said, you don't know this debt. Yes, exactly. And so read in tandem with these other allegations that there was no basis to believe that this debt existed. And even after she called. Not on her part. Not on her part, or at all, based on the allegations in the complaint. Now, again, the defendant may have strong evidence that it's entitled to this exemption and it's entitled to bring in that evidence at the summary judgment stage. And I would point out, my second point, is that that's not a tremendous burden. And what happened in the Bennett case explains what the district court did wrong in this case, which is in the Bennett case, the defendant moved for summary judgment, excuse me, moved to dismiss the complaint and the district court said, that's not appropriate. Summary judgment is appropriate. Put your evidence in and the parties cross-moved for summary judgment and the district court granted summary judgment, which this court affirmed. And that was not a great cost to the defendant in that case. This court affirmed despite specifically noting that there was a factual dispute about whether the debt was owed and without resolving that factual dispute. That would seem to cut against you. Well, so again, let's get back to your earlier questions, Your Honor, which is to say a dispute over whether the debt is merely asserted to be owed or is actually owed is not sufficient to take the defendant outside of this exception. A dispute about whether there's a bona fide fiduciary obligation in the first place requires resolution on summary judgment. That requires evidence. The defendant has to come in and not only with evidence that there is a loan at issue, but that the loan at issue is a federally guaranteed loan as to which the defendant is acting in fiduciary. But those issues were factually disputed in Bennett, right? I don't think the second issue was factually disputed, Your Honor. I don't think once the evidence was in, it was clear from the evidence that there was a federally backed loan and that the defendant was acting in its capacity as a fiduciary. Maybe yes, maybe no, but the theory of the opinion seems to be that all of that is just immaterial to the question whether the exemption applies. Your Honor, I think the theory of the opinion is based on what was disputed before this court in that case and what was disputed was whether or not the defendant was a guarantee agency at all. And so when the court was resolving that question, there was no need to get into this subsidiary question. Thank you. I kind of want to, did you, how many of your points did you get through? Oh, the, well. I kind of want to hear it. Absolutely. So. Is that okay? Yeah. One additional point is, which I mentioned briefly, that not all debt is necessarily federally guaranteed. And so the fact that the defendant is asserting 1095 and asserting that it's attempting to collect a federal debt does not necessarily prove that even if there is a debt, it is doing so. And my last point is simply about exhaustion. And that's that these two statutes work in tandem. The plaintiff has no private right of action under the Higher Education Act, but does have this additional protection that Congress created. And there's no evidence that that additional protection was intended to take away the plaintiff's or create an obstacle to the plaintiff's private right of action under the Federal Debt Collection Practices Act. Okay. Thank you. Thank you. We'll take the next case.